IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Antonio Velez Diaz, et al.
    Plaintiffs,

        v.                              **Civil No. 05-2132 (GAG)**

United States of America,
    Defendant.

**OPINION AND ORDER**

      This matter is before the court on a motion to dismiss submitted by defendant's, United States of America, pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. See Docket No. 5. Specifically, defendant argues that plaintiffs' claim is time-barred because the matter was filed after the strict filing provisions under the Federal Torts Claim Act ("FTCA"). See Docket No. 1. The court agrees.

      Section 2401(b) provides that any tort claim against the U.S. shall be forever barred unless it is presented within six months after the date of mailing of final denial of the claim. See 28 U.S.C. § 2401(b). In this case, the FBI mailed its denial letter on Tuesday, April 19, 2005, providing plaintiffs until Wednesday, October 19, 2005 to file in this court. Plaintiffs filed on Monday, October 24, 2005. Plaintiffs claim is hence time-barred. See Kollios v. United States, 512 F.2d 1316, 1317 (1st Cir. 1975) (holding that the allotted time for filing under § 2401(b) runs from the day of mailing and not the day after); Roman v. Townsend, 224 F.3d 24, 27-28 (1st Cir. 2000) (dismissing plaintiff's FTCA claim for failure to file within the prescribed time).

      Plaintiff argues that Rule 6(e) of the Federal Rules of Civil Procedure applies to the instant case. See Fed. R. Civ. P. 6(e) (2006). Rule 6(e), also referred to as the "mailbox rule," allows parties three (3) additional days for service. Plaintiff claims that the mailbox rule would have allowed him until Saturday, October 22 and then until Monday, October 24 – the next business day. While this argument is persuasive, it is faulty. Indeed, the First Circuit has not clearly defined whether 6(e) applies to the statute of limitations of the FTCA, *per se*, but the Court has made it quite

**Civil No. 05-2132 (GAG)**                    2

clear that § 2401(b) is to be strictly construed. Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) ("Failure to comply with the FTCA's statute of limitations means that the district court lacks subject matter jurisdiction to entertain the suit and **must** dismiss it.") (emphasis added). Furthermore, other courts have found that 6(e) cannot extend to FTCA's strict provision. See Hart v. United States, 817 F.2d 78, 80 n.2 (9th Cir. 1987); Carr v. Veterans Administration, 522 F.2d 1355, 1357 (5th Cir. 1975).

Therefore, defendant's motion to dismiss (Docket No. 5) is **GRANTED**. Plaintiffs' FTCA claim is dismissed **with prejudice** for being time-barred.

**SO ORDERED**.

In San Juan, Puerto Rico this 17th day of August 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge

**Civil No. 05-2132 (GAG)**  3